**In re Thomas J. JACKSON.**

**Ikechuku Onwuguufo AGOMO, Appellant,**

v.

**The STATE of Texas, Appellee.**

Nos. 01–82–0417–CR, 01–82–0418–CR and 01–82–0294–CR.

Court of Appeals of Texas, Houston (1st Dist.).

March 12, 1984.

Thomas J. Jackson, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Houston, for appellee.

Before EVANS, C.J., and BASS and COHEN, JJ.

### JUDGMENT ON CONTEMPT

EVANS, Chief Justice.

Appellant's brief was originally due in the First Court of Appeals on August 22, 1982. That day came and passed and no brief was filed. No motions for extention of time to file a brief were timely filed. The court then notified appellant's attorney, Thomas J. Jackson, on October 20, 1983, that unless a response was filed within 10 days showing grounds for continuing the appeal, the court would take action on the appeal. No response to the notice was received.

On November 10, 1983, the court ordered that Thomas J. Jackson file a brief in this court on or before 5:00 p.m., November 29, 1983, or appear before this court at 9:00 a.m. on December 1, 1983, and show cause why he should not be held in contempt of this court for failure to comply with said order to file a brief. The order was personally served on Thomas J. Jackson on November 16, 1983.

November 29, 1983, came and passed with no brief or motion to extend time to file a brief being filed as ordered by this court on November 10, 1983. On December 1, 1983, Thomas J. Jackson appeared

before this court and gave no reasonable explanation for his failure to comply with the court's order as hereinabove stated. The court thereupon ordered that the matter of said counsel being in contempt of this court be reset for further consideration on December 15, 1983, at 1:30 p.m. Thomas J. Jackson appeared before this court on December 15, 1983 and filed a three page brief, citing no authority. The court thereupon ruled from the bench that the brief was wholly inadequate and ordered that another brief was to be filed by January 3, 1984, and that if no brief was filed by January 3, 1984, the matter would be reset for further consideration. January 3, 1984, came and passed with no brief being filed. Thomas J. Jackson was contacted by phone whereupon he stated that he would file a brief by January 5, 1984. No brief was filed on January 5, 1984.

The court then ordered on January 16, 1984, that Thomas J. Jackson file a brief on or before 5:00 p.m., February 17, 1984 or appear before this court at 9:00 a.m., February 27, 1984, to show cause why he should not be held in contempt of this court for failure to comply with said order to file a brief on or before 5:00 p.m., February 17, 1984, set out in full as follows:

"ORDER

IN RE: THOMAS J. JACKSON

Ancillary to:

NOS. 01–82–0417–CR
01–82–0418–CR
01–82–0294–CR

IKECHUKU ONWUGUUFO
AGOMO, APPELLANT

VS.

THE STATE OF TEXAS, APPELLEE

FIRST COURT OF APPEALS

HOUSTON

On Appeal from the 177th District Court of Harris County, Texas

Trial Court Cause No. 342,963

Appellant's brief was originally due in the First Court of Appeals on August 22, 1982. Appellant's attorney, Thomas J. Jackson, was notified on October 20, 1983, that a brief had not been filed and that if one was not filed within ten days, the court would take appropriate action. No brief or motion to extend was filed within ten days and on November 10, 1983, the First Court of Appeals made the following order which was served on Thomas J. Jackson by personal service:

'ORDER

IN RE: THOMAS J. JACKSON

Ancillary to:

NOS. 01–82–0417–CR
01–82–0418–CR
01–82–0294–CR

IKECHUKU ONWUGUUFO
AGOMO, APPELLANT

VS.

THE STATE OF TEXAS, APPELLEE

FIRST COURT OF APPEALS

HOUSTON

On Appeal from the 177th District Court Of Harris County, Texas

Trial Court Case No. 342,963

This is an appeal from a conviction for aggravated rape.

The record reflects that appellant is not indigent and is represented by retained counsel. No brief has been filed in appellant's behalf.

In *Cuyler v. Sullivan*, 446 U.S. 335, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980), the Supreme Court held (at 1716) that there is "no basis for drawing a distinction between retained and appointed counsel that would deny equal justice to defendants who must choose their own lawyers."

Accordingly, this court adheres to a policy which requires the same standard of representation of both retained and appointed counsel on appeal. That standard was established by the United States Supreme Court in *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). *Anders* held that court-appointed appellate counsel must act as an advocate for his indigent client, even though the appeal be frivolous. This requires that counsel file a brief in appellant's behalf.

It is therefore *ORDERED* that appellant's counsel, Thomas J. Jackson shall file a brief in this court on appellant's behalf on or before 5:00 p.m., November 29, 1983. Should counsel fail to comply with said order to file a brief on or before 5:00 p.m., November 29, 1983, he is further *ORDERED* to appear before this court court at 1:30 p.m., December 1, 1983, and show cause why he should not be held in contempt of this court for failure to comply with said order to file a brief on appellant's behalf on or before 5:00 p.m., November 29, 1983. It is so *ORDERED* this 10th day of November, 1983.

PER CURIAM

Panel consists of Justice Evans and Associate Justices Duggan and Bass.

No publication. Tex.Crim.App.R. 207.'

The officer's return from the service of the order shows that Thomas J. Jackson received the order on November 16, 1983. November 29, 1983, came and passed with no brief or motion to extend time to file a brief being filed as ordered by this Court on November 10, 1983. On December 1, 1983, Thomas J. Jackson appeared before this court and gave no reasonable explanation for his failure to not comply with the court's order as hereinabove stated. The Court thereupon directed that the matter of said counsel, being in contempt be reset for further consideration on December 15, 1983, at 1:30 p.m., and made the following order:

'ORDER

IN RE: THOMAS J. JACKSON

Ancillary to:

NOS.  01–82–0417–CR
01–82–0418–CR
01–82–0294–CR

IKECHUKU ONWUGUUFO AGOMO, APPELLANT

VS.

THE STATE OF TEXAS, APPELLEE

FIRST COURT OF APPEALS

HOUSTON

On Appeal from the 177th District Court of Harris County, Texas

Trial Court Cause No. 342,963

Appellant's brief was due in the First Court of Appeals on November 29, 1983. The day came and passed, and no brief was filed. No motions for extension of time were timely filed.

On November 10, 1983, the First Court of Appeals made the following order which was served on Thomas J. Jackson by personal service:

ORDER

IN RE: THOMAS J. JACKSON

Ancillary to:

NOS.  01–82–0417–CR
01–82–0418–CR
01–82–0294–CR

IKECHUKU ONWUGUUFO AGOMO, APPELLANT

VS.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 177th District Court Of Harris County, Texas

Trial Court Cause Number 342,963

This is an appeal from a conviction for aggravated rape.

The record reflects that appellant is not indigent and is represented by retained counsel. No brief has been filed in appellant's behalf.

In *Cuyler v. Sullivan*, 446 U.S. 335,100 S.Ct. 1708, 64 L.Ed.2d 333 (1980), the Supreme Court held (at 1716) that there is "no basis for drawing a distinction between retained and appointed counsel that would deny equal justice to defendants who must choose their own lawyers."

Accordingly, this court adheres to a policy which requires the same standard of representation of both retained and appointed counsel on appeal. That standard was established by the United States Supreme Court in *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). *Anders* held that court-appointed appellate counsel must act as an advocate for his indigent client, even though the appeal be frivolous. This requires that counsel file a brief in appellant's behalf.

It is therefore *ORDERED* that appellant's counsel, Thomas J. Jackson, shall file a brief in this court on appellant's behalf on or before 5:00 p.m., November 29, 1983. Should counsel fail to comply with said order to file a brief on or before 5:00 p.m., November 29, 1983, he is further *ORDERED* to appear before this court at 1:30 p.m., December 1, 1983, and show cause why he should not be held in contempt of this court for failure to comply with said order to file a brief on appellant's behalf on or before 5:00 p.m., November 29, 1983. It is so *ORDERED* this 10th day of November, 1983.

## PER CURIAM

Panel consists of Chief Justice Evans and Associate Justices Duggan and Bass. No publication. Tex.Crim.App.R. 207.

The officer's return from the Service of the order shows that Mr. Thomas J. Jackson received the order on November 15, 1983. November 29, 1983, came and passed with no brief being filed. No timely motion for extension of time was filed and as of the 29th day of November, no brief had been filed in behalf of appellant Ikechuuku Onwuguufo Agomo as ordered by this Court on November 10, 1983.

On December 1, 1983, Mr. Thomas J. Jackson appeared before the court and gave no reasonable explanation for his failure to comply with the court's order as hereinabove stated.

The court thereupon directed that the matter of said counsel being in contempt be reset for further consideration on December 15, 1983, at 1:30 p.m.

*IT IS SO ORDERED.*

## PER CURIAM

Panel consists of Chief Justice Evans and Associate Justices Duggan and Cohen. No publication. Tex.Crim.App.R. 207.'

Thomas J. Jackson appeared before the court on December 15, 1983, and filed a three page brief, citing no authority. The Court thereupon ruled from the bench that the brief was wholly inadequate and that another brief was to be filed by January 3, 1983, and that if no brief was filed by January 3, 1984, the matter would be reset for further consideration.

It is therefore *ORDERED* that Thomas J. Jackson shall file a brief in this Court on or before 5:00 p.m., February 17, 1984. Should counsel fail to comply with said order to file a brief on or before 5:00 p.m., February 17, 1984, he is further *ORDERED* to appear before this court at 9:00 a.m., February 27, 1984, and show cause why he should not be held in contempt of this court for failure to comply with said order to file a brief on or before 5:00 p.m., February 17, 1984.

It is so *ORDERED* this 16th day of January, 1984.

## PER CURIAM

Panel consists of Chief Justice Evans and Associate Justices Doyle and Levy. No Publication. Tex.Crim.App.R. 207."

February 17, 1984, came and passed with no brief being filed. The officer's return from the service of the above order to file a brief on or before February 17, 1984, or to appear before this court at 9:00 a.m. on February 27, 1984, to show cause why he should not be held in contempt for failure to file a brief indicates Thomas J. Jackson was personally served on February 6, 1984. Thomas J. Jackson failed to appear before this court at 9:00 a.m. on February 27, 1984 as ordered.

Thomas J. Jackson was then informed on March 6, 1984, that the matter of his being in contempt of this court for his failure to comply with the January 16, 1984, order to file a brief on or before 5:00 p.m., February 17, 1984, would be reset for consideration at 9:00 a.m. on March 12, 1984.

Thomas J. Jackson appeared before this court nearly one hour late on March 12, 1984, at which time the court reconvened. He offered no reasonable explanation as to why he should not be held in contempt of this court for his failure to file a brief on or before 5:00 p.m. on February 17, 1984. Additionally, Thomas J. Jackson came into open court and was asked whether he had anything to say as to why sentence should not be pronounced against him. Respondent answered nothing in bar thereof.

IT IS THEREFORE ORDERED, by the First Court of Appeals that Thomas J. Jackson is in contempt of this court for violation of this court's January 16, 1984, order and that he should and shall be punished for such contempt.

The court proceeded in the presence of the respondent, to pronounce sentence against him as follows:

It is ORDERED by this court that respondent, Thomas J. Jackson, who is adjudged guilty of contempt on this 12th day of March, 1984, by order of the court, for the failure to file a brief on or before 5:00 p.m., February 17, 1984, in cause numbers 01–82–0417–CR, 01–82–0418–CR, and 01–82–0294–CR, styled *Ikechuku Onwuguufo Agomo vs. The State of Texas* in the 177th District Court of Harris County, Texas, as ordered by this court on January 16, 1984,

be, and is hereby, sentenced to confinement in the Harris County jail for 3 days and a fine of $500. Sentence is to be executed at 9:00 a.m., March 16, 1984. Respondent, Thomas J. Jackson is ORDERED to pay the $500 fine to the clerk of this Court on or before 9:00 a.m., March 16, 1984.

It is so ORDERED this 12th day of March, 1984.